# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                     Case No.  04-CR-285

JERRY WASHINGTON,

        Defendant.

_____

# ORDER

On September 5, 2006, this court sentenced Jerry Washington to 78 months' imprisonment for violations of 21 U.S.C. §§ 841 and 846.  Washington's net offense level was 27 and he had a criminal history score of IV; under this matrix, his guideline term of imprisonment was 100 to 125 months.  However, the government filed a 5K1.1. motion based upon Washington's substantial assistance, thereby allowing the court to impose a sentence below the otherwise applicable statutory minimum mandatory sentence of ten years

On November 1, 2007, the United States Sentencing Commission amended the advisory federal sentencing guidelines for criminal offense involving crack cocaine.  On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, these amended guidelines would apply retroactively to all offenders who were sentenced under the previous versions of the sentencing guidelines and who are presently incarcerated.  The practical effect of these amendments is that, pursuant to the provisions of 18 U.S.C. § 3582(c)(2),

defendants previously convicted of offenses involving crack cocaine may be eligible for a reduction in their sentence.

Washington has filed a motion to reduce his sentence pursuant to § 3582(c)(2). Having considered Washington's motion, together with an analysis from the United States Probation Office and input from the United States Attorney's Office, the court concludes that his motion must be denied. Washington was sentenced under the 2005 Sentencing Guideline Manuals, which directed that for individuals with a base offense level of 32, the court should decrease two levels if the defendant was eligible for an adjustment under § 3B1.2 (Mitigating Role). *See* U.S.S.G. § 2D1.1(a)(3) (2005). Under the 2007 amended guidelines, Washington's base offense level is 30; § 2D1.1(a)(3) offers no reduction for offense levels of 30, even when a defendant receives a role in the offense adjustment. Washington argues that he should receive a further two-level reduction to be allowed the full credit of the amendment. The court disagrees; the Sentence Commission prohibits a court to recalculate a sentence that a retroactive amendment does not alter. See U.S.S.G. § 1B1.10(a)(2)(B). The crack cocaine amendments did not change § 2D1.1(a)(3) nor § 3B1.2, and the court may not further adjust Washington's offense level. Accordingly, the court finds no factual or legal basis to reduce the 78 months of imprisonment imposed on September 5, 2006.

Accordingly,

Case 2:04-cr-00285-JPS   Filed 07/07/08   Page 2 of 3   Document 1147

**IT IS ORDERED** that Jerry Washington's motion to reduce his sentence (Docket #s 1104 and 1139) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 7th day of July, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Case 2:04-cr-00285-JPS   Filed 07/07/08   Page 3 of 3   Document 1147